**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50528**

| | |
|---|---|
| In the Matter of John Doe I, A Child Under Eighteen (18) Years of Age. ) | Filed: June 27, 2023 |
| ) | Melanie Gagnepain, Clerk |
| STATE OF IDAHO, DEPARTMENT OF HEALTH & WELFARE, ) | |
| ) | THIS IS AN UNPUBLISHED |
| Petitioner-Respondent, ) | OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| v. ) | |
| JANE DOE (2023-07), ) | |
| Respondent-Appellant. ) | |

Appeal from the Magistrate Division of the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lauri A. Fortier, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Anthony R. Geddes, Ada County Public Defender; Joshua Mills, Deputy Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Peter A. Mommer, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Chief Judge

Jane Doe (2023-07) appeals from the judgment terminating her parental rights. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Doe is the mother of the minor child in this action who was born in 2022. The child was placed into foster care a couple days after birth due to Doe's noncompliance with case plans in previous child protection cases involving her other children and ongoing concerns over domestic violence and substance abuse. Temporary custody was then awarded to the Idaho Department of

1

Health and Welfare. Subsequently, the magistrate court granted the Department's motion seeking a finding of aggravated circumstances and, after an expedited permanency hearing, the magistrate court approved termination and adoption as the permanency goal. The State then filed a petition to terminate Doe's parental rights. The magistrate court terminated Doe's parental rights after finding clear and convincing evidence that Doe neglected the child and that termination is in the best interests of the child. Doe appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion.[1] *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *State v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the trial court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

## III.

## ANALYSIS

Doe asserts that the magistrate court erred in finding that termination of her parental rights is in the best interests of the child. The State responds that clear and convincing evidence exists that termination is in the best interests of the child. Because the magistrate court's finding is

---

[1]     Doe asserts that a decision terminating parental rights is reviewed for an abuse of discretion. In support of this assertion, Doe cites *In re Doe*, 156 Idaho 103, 320 P.3d 1262 (2014). Although that case recognizes that magistrate courts presiding over termination proceedings have "broad discretion in their deliberations," it does not support application of the abuse of discretion standard of review. *See id.* at 112, 320 P.3d at 1271 (reviewing a best interests determination for support from substantial evidence).

2

supported by substantial and competent evidence, we affirm the termination of Doe's parental rights.

**A.      Statutory Basis for Termination**

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

The magistrate court terminated Doe's parental rights on the basis of neglect. Idaho Code Section 16-2002(3)(a) defines "neglect" as any conduct included in I.C. § 16-1602(31). Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them. The magistrate court found that Doe's substance abuse interfered with her ability to safely parent her child and that her intermittent incarceration kept Doe from performing her parental duties.

Doe does not challenge the magistrate court's finding that there is a statutory basis for termination. Because Doe does not address the statutory bases for termination of her parental rights, the focus of our analysis will be on the best interests of the child.

**B.      Best Interests**

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship.

*Tanner v. State, Dep't of Health & Welfare*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *Doe (2015-03) v. Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *Idaho Dep't of Health & Welfare v. Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

The magistrate court found that terminating Doe's parental rights is in the best interests of the child due to concerns for the child's safety. This magistrate court reasoned that Doe's history of substance abuse, domestic violence, and incarceration subjects the child to the same risks that led to the removal of Doe's five older children. Furthermore, Doe denies responsibility for the injury she inflicted on her oldest child, refuses to acknowledge the reality of her substance abuse, and continues her relationship with the child's biological father with whom Doe has had numerous physical altercations. Accordingly, the magistrate court determined that the child's safety would be at risk if he were to remain in Doe's care.

Doe argues the magistrate court erred in its finding that terminating her parental rights is in the best interests of the child by focusing on Doe's past conduct in prior termination proceedings. However, it is within the trial court's discretion to consider the parent's prior history when determining the best interests of the child. *Id.* at 959, 277 P.3d at 406. Thus, Doe's history of substance abuse, prior encounters with the Department, incarceration, and domestic violence are all properly within the scope of the magistrate court's focus in determining the best interests of the child.

According to Doe, "there are numerous reasons why" termination is not in the child's best interests. Doe asserts that she has a bond with the child "as evidenced by visits between [Doe] and the child" and that severing that familial bond will damage the child's "cultural and heritage background." However, the child was removed from Doe's care two days after being born, and Doe has only participated in one-hour weekly visits with the child since then. Moreover, the

4

magistrate court expressly considered the effect that the severance of familial bonds and loss of cultural heritage would have on the child, but still determined that termination is in the child's best interests due to safety concerns related to Doe's substance abuse and violent tendencies.

Doe also challenges the magistrate court's findings related to her continued issues with alcohol abuse as "speculative and not based on substantial and competent evidence." In support of this argument, Doe asserts that her probation and substance abuse status "are at best unverified." However, Doe fails to address the full scope of the evidence of her substance abuse issues. Doe's case manager at the Department testified that, although Doe's substance abuse treatment status was unknown at the time of trial, she had failed to complete five different treatment programs since 2019. Additionally, the case manager testified that Doe did not consistently submit to urinalysis testing and tested positive for alcohol during previous child protection proceedings. Furthermore, medical tests conducted following the child's birth, which occurred about three months before the termination trial, indicated the presence of alcohol in the child's umbilical cord. The magistrate court further found that Doe is unable to parent her child due to her substance abuse. Although Doe testified that she was not using alcohol, she did not submit to urinalysis testing or otherwise confirm her sobriety following the child's birth. Doe has not shown error in the magistrate court's finding that termination is in the child's best interests.

## IV.

## CONCLUSION

Substantial, competent evidence supports the magistrate court's findings that Doe neglected the child and that terminating Doe's parental rights is in the child's best interests. Consequently, Doe has failed to show error in the magistrate court's decision to terminate her parental rights. Accordingly, the judgment terminating Doe's parental rights is affirmed.

Judge GRATTON and Judge HUSKEY, **CONCUR**.